388]         *JOSEPH McDOUGAL *v.* WILLIAM FLEMING.

A bill of exceptions lays no foundation for reversing the judgment, unless it contains matter distinctly showing that the party taking it might have been prejudiced by the judgment excepted to.

ERROR to the court of common pleas of Hamilton county.

The plaintiff in error brought an action of *assumpsit*, in the court below, for the use and occupation of a house and lot in Cincinnati, and also on a special contract to pay rent.

The declaration contained three counts : *First.* That on May 1827, the plaintiff demised the premises to the defendant, in consideration of which, and of the possession and enjoyment thereof, the defendant promised to pay three dollars per month, and that the defendant entered and has ever since enjoyed, etc.  *Second.* That on November 5, 1827, the defendant promised to pay the plaintiff three dollars per month, as rent for said premises, in consideration that the plaintiff had demised the same by parol to the plaintiff, with an averment that the defendant had occupied. *Third.* General *indebitatus assumpsit* for the use and occupation of these premises.  Plea—general issue with notice.

Upon the trial before the jury, the defendant, under his notice, offered in evidence the record of a judgment in an action of eject-ment rendered in the Supreme Court of Hamilton county, at May term, 1829, in which McDougal was lessor of the plaintiff, and Fleming defendant, and which was brought to recover possession of the same house and lot.  The demise in the declaration in eject-

Lewis v. State of Ohio.

ment was laid upon October 1, 1828, for the term of twenty-one years, and the judgment was in favor of the defendant.

To this record the plaintiff objected, but it was admitted by the court, and a bill of exception taken. The verdict and judgment passed against the plaintiff, and thereupon he sued out his writ of error.

CASWELL & STARR, for the plaintiff in error.

STORER & FOX, contra.

*By the COURT:                                                    [389

The party excepting must distinctly point out wherein he may have been prejudiced by the decision excepted to. King v. Kenny, 4 Ohio, 81, 82. In the present case, the whole evidence is not disclosed, nor any precise question raised, by the bill of exceptions. The issue, in an action of *assumpsit*, is so broad that we can suppose many situations, in which the record would be proper testimony. Inasmuch, then, as the record does not show that the court below erred, we affirm the judgment.

Judgment affirmed.